# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BLACKBIRD TECH LLC d/b/a<br>BLACKBIRD TECHNOLOGIES,<br><br>   Plaintiff,<br><br>v.<br><br>ESPEN TECHNOLOGY, INC.,<br><br>   Defendant. | C.A. No. 16-cv-973-RGA |

## PROTECTIVE ORDER

The Court enters the following protective order pursuant to Federal Rule of Civil Procedure 26(c)(1).

1. <u>Findings</u>:  The Court finds that the parties to this case may request or produce information involving trade secrets or confidential research, development, or commercial information, the disclosure of which is likely to cause harm to the party producing such information.

2. <u>Definitions</u>:

   a. "Party" means a named party in this case. "Person" means an individual or an entity, whether a Party, third party, or non-party. "Producer" means a person who produces information via the discovery process in this case. "Recipient" means a person who receives information via the discovery process in this case.

   b. "Highly Confidential" information is information within the scope of Rule 26(c)(1)(G) concerning a person's trade secrets, commercial information (such as business plans, business strategies, market plans, market and/or demographic research, market penetration,

market share, advertising, negotiations, and license agreements), financial information (such as budgeting, accounting, sales figures, and advertising expenditures), business relationship information (such as information pertaining to potential and/or existing customers, competitors, suppliers, distributors, affiliates, subsidiaries, and parents), and technical information (such as research and development information, lab notebooks, block diagrams, system level engineering documents, inventor notebooks and/or files, specifications and design documents, manufacturing documents, quality control/quality assurance documents and data, schematics, blueprints, CAD drawings and data, software, information relating to future products, non-public products, and the like), the disclosure of which to another party or non-party would create a risk of serious injury to the business or competitive interests of the producer, or the disclosure of which would contravene an obligation of confidentiality to a third person or to a Court.

        c.      "Highly Confidential—Subject to Prosecution Bar" information is Highly Confidential information that is proprietary technical information, the disclosure of which during patent acquisition or prosecution activities would create a risk of serious injury to the business or competitive interests of the producer.

        d.      "Protected Information" is information that is Highly Confidential or Highly Confidential—Subject to Prosecution Bar.

        e.      Information is not Protected Information if it is disclosed in a printed publication, is known to the public, was known to the recipient without obligation of confidentiality before the producer disclosed it, or is or becomes known to the recipient by lawful means not constituting a breach of this Order. Information is likewise not Protected Information if a person lawfully obtained it independently of this litigation.

3. <u>Designation of Protected Information</u>:

a. A person's designation of information as Highly Confidential or Highly Confidential—Subject to Prosecution Bar means that the person believes in good faith, upon reasonable inquiry, that the information qualifies as such.

b. A person designates information in a document or thing as Highly Confidential by clearly and prominently marking it on its face as "HIGHLY CONFIDENTIAL." A person designates information in a document or thing as Highly Confidential—Subject to Prosecution Bar by marking on its face "HIGHLY CONFIDENTIAL—SUBJECT TO PROSECUTION BAR." A producer may make documents or things containing Protected Information available for inspection and copying without marking them without forfeiting a claim of confidentiality, however, the producer must mark any copies of the documents or things identified for production during the inspection as "HIGHLY CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—SUBJECT TO PROSECUTION BAR" prior to production to the recipient. The restrictions set forth in paragraph 8 (Prosecution Bar) shall not be triggered by review of a document or thing later designated as "HIGHLY CONFIDENTIAL—SUBJECT TO PROSECUTION BAR" to the extent the document or thing was not so designated at the time of review.

c. Where documents are produced in native electronic format, they shall be designated for protection under this Order through any method that will reasonably inform individuals that the files contain Protected Information, including, without limitation, by appending "HIGHLY CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—SUBJECT TO PROSECUTION BAR" to the file names of the documents, as appropriate. When electronic files containing Protected Information are printed for use at deposition or in a court proceeding, the

party printing the electronic files shall clearly and prominently affix the appropriate legend to them.

          d.      All depositions or portions of depositions taken in this action that contain Protected Information may be designated "HIGHLY CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—SUBJECT TO PROSECUTION BAR" in their entirety or in part and thereby obtain the protections accorded other such documents. Confidentiality designations for depositions shall be made either on the record or by written notice to the other party within five days of receipt of the final transcript. Unless otherwise agreed, depositions shall be treated as "HIGHLY CONFIDENTIAL—SUBJECT TO PROSECUTION BAR" until five days after receipt of the final transcript. Party representatives may attend the deposition of any witness in this matter. Any person whose Protected Information may be revealed during the deposition may request that any such party representatives be excused from those portions of the deposition. A person can only request exclusion of a party representative when the person believes in good faith that the relevant testimony will contain a party or person's Protected Information. Party representatives may not be excluded from the entirety of any given deposition on the basis of a blanket confidentiality designation.

          e.      The Parties shall file under seal any portions of briefs, memoranda, and other pleadings filed with the Court, and/or move to seal court transcripts that contain Protected Information, and shall ask the Court to exclude from hearings or other proceedings any person not entitled under this Order to receive Protected Information whenever such information is to be discussed. To the extent a document must be publicly filed with Protected Information redacted from it, it shall be the responsibility of the party whose Protected Information is to be redacted to prepare the redacted version of the document for filing.

    f. A person's failure to designate a document, thing, or testimony does not constitute forfeiture of a claim of confidentiality. With respect to documents and things, the producer shall immediately, upon discovery that the document[s] and/or thing[s] are not designated Highly Confidential or Highly Confidential-Subject to Prosecution Bar, notify the other parties of the error in writing and provide replacement pages bearing the appropriate confidentiality designation. The restrictions set forth in paragraph 8 (Prosecution Bar) shall not be triggered by review of a document, thing, or testimony later designated as "HIGHLY CONFIDENTIAL—SUBJECT TO PROSECUTION BAR" to the extent the document, thing, or testimony was not so designated at the time of review. In the event of any disclosure of Protected Information other than in a manner authorized by this Order, including any unintentional or inadvertent disclosure, counsel for the party responsible for the disclosure shall immediately notify opposing counsel of all of the pertinent facts, and make every effort to further prevent unauthorized disclosure including, retrieving all copies of the Protected Information from the recipient(s) thereof, and securing the agreement of the recipients not to further disseminate the Protected Information in any form. Compliance with the foregoing shall not prevent the producer from seeking further relief from the Court.

    g. A person who has designated information as Highly Confidential or Highly Confidential—Subject to Prosecution Bar may withdraw the designation by written notification to all parties in the case.

    h. Any party may request a change in the designation of any information. Any such document shall be treated as designated until the change is completed. If the requested change in designation is not agreed to, the party seeking the change may move the Court for appropriate relief, providing notice to any third party whose designation of produced documents

as "HIGHLY CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—SUBJECT TO PROSECUTION BAR" in the action may be affected. The party asserting that the material is Protected Information shall have the burden of proving that the designation is proper.

    4.    <u>Use and Disclosure of Protected Information</u>:

    a.    Protected Information may be used exclusively for purposes of this litigation, subject to the restrictions of this Order. The restrictions in this Order on the use of Protected Information shall apply to all documents and things containing information designated Highly Confidential or Highly Confidential—Subject to Prosecution Bar, including but not limited to (i) portions of documents, copies, extracts, and complete or partial summaries, including electronic files and communications, prepared from or containing such information; (ii) portions of deposition transcripts and exhibits thereto which contain or reflect the content of any such documents, copies, extracts, or summaries; (iii) portions of briefs, memoranda or any other papers filed with the Court and exhibits thereto which contain or reflect the content of any such documents, copies, extracts, or summaries; (iv) deposition testimony designated in accordance with paragraph 3(d); and/or (v) testimony taken at a court proceeding that is designated in accordance with paragraph 3(e).

    b.    Absent written permission from the producer or further order by the Court, the recipient may not disclose Protected Information to any person other than the following: (i) any party's outside counsel of record, including supporting personnel engaged by such counsel, such as paralegals, legal translators, legal secretaries, legal clerks and litigation support to the extent reasonably necessary to render professional services in these actions; (ii) counsel of record at Blackbird Technologies, including supporting personnel engaged by such counsel, such as paralegals, legal translators, legal secretaries, legal clerks and litigation support to the extent

reasonably necessary to render professional services in these actions; (iii) a stenographer and videographer recording testimony concerning the information; (iv) subject to the provisions of paragraph 4(c) of this Order, experts and consultants and their staff whom a party employs for purposes of this litigation only; (v) the Court and personnel assisting the Court, including stenographic reporters and law clerk, paralegal, secretarial, clerical, and other lay court personnel; (vi) non-party professional litigation support vendors under a duty of confidentiality specifically retained to assist counsel for this litigation *(e.g.,* photocopying, videotaping, translating, preparing exhibits or demonstrations, organizing, storing, retrieving data in any form or medium, jury consulting, etc.); (vii) any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Order; and (viii) in connection with a deposition or hearing: witnesses designated to testify on behalf of the producer under Federal Rule of Civil Procedure 30(b)(6) and any experts retained by the producer for the case.

      c.     A party may not disclose Protected Information to an expert or consultant pursuant to paragraph 4(b) of this Order until after the expert or consultant has signed an undertaking in the form of Exhibit A to this Order. At least five business days before the first disclosure of Protected Information to an expert or consultant (or member of their staff), the party proposing to make the disclosure must serve the producer with (i) a written identification of the expert or consultant, (ii) a copy of his or her *curriculum vitae,* (iii) a disclosure of any previous or current relationship with any party to this action, (iv) a disclosure (by name and number of the case, filing date, and location of the court) any litigation in connection with which the expert or consultant has provided any professional services during the preceding four years, and (v) a disclosure of all the companies that the expert or consultant has consulted for or been

Case 1:16-cv-00973-RGA Document 29 Filed 05/15/19 Page 8 of 17 PageID #: 136

employed by within the last four years. If an expert or consultant is unable or unwilling to provide the information described in parts (iv) and (v), the expert or consultant and party must disclose that information has been withheld and participate in good faith conferrals regarding the nature and technology involved in the withheld disclosures so that the producer is able to ascertain any potential confidentiality concerns. If the producer has good cause to object to the disclosure (which does not include challenging the qualifications of the expert or consultant), it must serve the party proposing to make the disclosure with a written objection within five business days after service of the identification. Unless the parties resolve the dispute within five business days after service of the objection, the producer must move the Court promptly, but no later than ten business days after parties' conferral regarding the objection, for a ruling, and the Protected Information may not be disclosed to the expert or consultant without the Court's approval. If the producer does not move the Court within ten business days after the parties' conferral regarding the objection, the party proposing to make the disclosure may produce Protected Information to the identified expert or consultant (or member of their staff).

    d.  Notwithstanding paragraph 4(a) and (b), a party may disclose Protected Information to: (i) any Rule 30(b)(6) representative of the producer (ii) any person, whether employed or no longer affiliated with the producer, who authored the information; (iii) any person who received the information before this case was filed; or (iv) any person who is reasonably identified as previously having had access to, or the right to have access to, the information, which identification is made by the sworn testimony of another or unambiguously appears on the face of a document, other than through an unlawful means and/or a means constituting breach of this Order.

-8-

e. A party who wishes to disclose Protected Information to a person not otherwise authorized under this Order to see that information must first make a reasonable attempt to obtain the producer's permission. If the party is unable to obtain permission, it may move the Court to obtain permission.

5. <u>Inadvertent Disclosure of Attorney Client Privileged Information or Work Product</u>: Inadvertent disclosures of material protected by the attorney-client privilege or the work product doctrine shall be handled in accordance with Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502.

6. <u>Other Proceedings</u>. By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this Order who becomes subject to a motion to disclose another party's information designated as confidential pursuant to this Order shall promptly notify that party of the motion so that the affected party may have an opportunity to appear and be heard on whether that information should be disclosed.

7. <u>Party's Own Information</u>: Nothing in this Order shall limit any producer's use of its own documents or shall prevent any producer from disclosing its own information to any person. Such disclosures shall not affect any designation made pursuant to the terms of this Order so long as disclosure is made in a manner which is reasonably calculated to maintain the confidentiality of the information.

8. <u>Prosecution Bar</u>: Any attorney or agent who reviews materials designated as Highly Confidential—Subject to Prosecution Bar by any party other than his or her client shall not thereafter prosecute, supervise, or materially assist in the prosecution of any patent

application, or otherwise in the amendment of any application and/or patent, related to lighting technology during the pendency of this case and for one year after the conclusion of this litigation, which is defined as entry of final judgment in all above-captioned cases. "Prosecution" as used in this paragraph includes the direction of outside patent prosecution counsel, but does not include the direction of outside counsel in connection with post-grant review, *ex parte* reexamination, or *inter partes* review, with the understanding that no Highly Confidential—Subject to Prosecution Bar information of another party from this litigation shall be used for any of those activities unless so permitted by written agreement of the parties and a protective order entered in connection with those activities, and such direction may not include participating in any way in the crafting of or advising on new or amended claims.

9.  <u>Covenant Not To Sue</u>: Blackbird Technologies covenants not to sue Espen Technology, Inc. ("Espen"); any of Espen's predecessors, successors, assigns, parents, subsidiaries, divisions, affiliates, i.e., an entity that has a parent entity in common with Espen, and all past and present directors, officers, and employees of Espen (collectively, "Affiliates"); or any person who purchases a lighting product from Espen (a "Customer") for infringement of patents involving lighting technology ("Restricted Patents") that are acquired by Blackbird Technologies during the time between the date of entry of this Protective Order and one year after the conclusion of the litigation, which is defined as entry of final judgment (the "Restricted Period"). For the avoidance of doubt, this paragraph bars Blackbird Technologies from asserting against Espen, Affiliates, or Customers any Restricted Patent that is acquired during the Restricted Period. Blackbird further covenants not to sue third parties who supply Espen with products accused of infringement in the above-captioned litigation ("Suppliers") for infringement of Restricted Patents that are acquired by Blackbird during the Restricted Period by products

accused of infringement in the above-captioned litigation. After the end of this litigation, Espen will, within 14 days of a written request from Blackbird for confirmation that a person is an Affiliate, Supplier, or Customer subject to the covenant not to sue set forth in this paragraph, disclose to Blackbird whether the person is an Affiliate, Supplier, or Customer subject to the covenant not to sue set forth in this paragraph and, upon request, provide documentary evidence sufficient to show the same. To the extent an Affiliate, Supplier, or Customer is not disclosed in response to such a request from Blackbird, the covenant not to sue set forth in this paragraph will not apply with respect to that person.

10. <u>Document Disposal</u>: Within sixty (60) days after the final termination of this case, each party must destroy or return to the producer all documents and copies of documents containing the producer's Protected Information. Upon the written request of the producer, the party returning and/or destroying the producer's Protected Information must promptly certify in writing its compliance with the requirements of this paragraph. Notwithstanding the requirements of this paragraph, a party and its counsel may retain one complete set of all documents filed with the Court, transcripts, legal memoranda, correspondence, briefs (including all supporting and opposing papers and exhibits and declarations thereto), written discovery requests and responses, exhibits offered or introduced into evidence at trial, or work product, all remaining subject to all requirements of this Order, and a party and its counsel are not required to delete information that may reside on their respective electronic back-up systems that are over-written in the normal course of business.

11. <u>Survival of Obligations</u>: This Order's obligations regarding Protected Information survive the conclusion of this case.

12. <u>Non-party Use</u>: A non-party producing information or material voluntarily or pursuant to a subpoena or a court order may designate such material or information as Highly Confidential or Highly Confidential—Subject to Prosecution Bar pursuant to the terms of this Order.

13. <u>No Third-party Access</u>: A non-party's use of this Order to protect its information does not entitle that non-party access to the Protected Information produced by any other party in this case.

14. <u>Expert Drafts</u>: In accordance with Federal Rule of Civil Procedure 26(b), communications and exchanges between counsel and experts and consultants, including without limitation those made in preparing drafts of expert reports, are not discoverable unless they identify facts, data, or assumptions relied upon by the testifying expert in forming any opinions in this litigation and such information is not already disclosed in the expert's report. Experts and consultants shall not be subject to discovery of any draft of their reports in this case and such draft reports, notes, outlines, or any other writings leading up to an issued report(s) in this litigation are exempt from discovery.

15. <u>Post-filing Privilege Log</u>:  No Party shall be required to identify on its privilege log any document or communication related to this litigation dated on or after the filing of this lawsuit, which, absent this provision, the party would have been obligated to so identify on its privilege log. The parties shall exchange their respective privilege logs at a time to be agreed upon by the parties following the production of documents.

16. <u>Additional Relief</u>: Nothing herein shall prevent a party or non-party from seeking additional relief from the Court not specified in this Order, or from applying to the Court for further or additional protective orders.

17. <u>Notice</u>: Any of the notice requirements herein may be waived, in whole or in part, but only in writing signed by counsel of record for the party against whom such waiver will be effective.

18. <u>No Waiver</u>: By stipulation to the entry of this Order, no party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly no party waives any right to object, on any ground, to the admission of any of the material covered by this Order.

19. <u>Good Faith</u>: Counsel shall make a good faith effort to resolve by agreement any questions concerning the interpretation or application of this Order that may arise.

21. <u>Jurisdiction</u>: The Court shall retain jurisdiction regarding all future disputes relating to this Order.

| | |
|---|---|
| Respectfully submitted, | STAMOULIS & WEINBLATT LLC |
| Dated:  May 15, 2019 | /s/ Stamatios Stamoulis |
| | Stamatios Stamoulis #4606 |
| OF COUNSEL | stamoulis@swdelaw.com |
| | Richard C. Weinblatt #5080 |
| Wendy Verlander | weinblatt@swdelaw.com |
| wverlander@blackbird-tech.com | 800 N. West Street, Third Floor |
| Jeffrey D. Ahdoot | Wilmington, DE 19801 |
| jahdoot@blackbird-tech.com | Telephone: (302) 999-1540 |
| Clifford Chad Henson | |
| chenson@blackbird-tech.com | |
| Blackbird Tech LLC d/b/a | |
| Blackbird Technologies | *Attorneys for Plaintiff* |
| One Boston Place, Suite 2600 | B<small>LACKBIRD</small> T<small>ECH</small> LLC d/b/a B<small>LACKBIRD</small> |
| Boston, MA 02108 | T<small>ECHNOLOGIES</small> |
| 617.307.7100 | |
| | /s/ Stephen B. Brauerman |
| Lester Julian Savit | Stephen B. Brauerman (#4952) |
| Paul Y. Feng | Sara E. Bussiere (#5725) |
| ONE LLP | 600 N. King Street, Suite 400 |
| 4000 MacArthur Blvd. | Wilmington, DE 19899 |
| East Tower, Suite 500 | 302.655.5000 |
| Newport Beach, CA 92660 | sbrauerman@bayardlaw.com |
| 949.502.2870 | sbussiere@bayardlaw.com |
| lsavit@onellp.com | |
| pfeng@onellp.com | *Attorneys for Defendant Espen Technology, Inc.* |

IT IS SO ORDERED, this _____ day of _____, 2019.

                                                                                     _____
                                                                                      United States District Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| BLACKBIRD TECH LLC d/b/a<br>BLACKBIRD TECHNOLOGIES,<br><br>    Plaintiff,<br><br>v.<br><br>ESPEN TECHNOLOGY, INC.,<br><br>    Defendant. | C.A. No. 16-cv-973-RGA |

**CONFIDENTIALITY UNDERTAKING OF** *[Insert name]*

I, [insert person's name], state the following under penalties of perjury as provided by law:

I have been retained by [insert party's name] as an expert or consultant in connection with these cases. I will be receiving Protected Information that is covered by the Court's Protective Order dated [fill in date]. I have read the Court's Protective Order and understand its terms, including that the Protected Information is provided pursuant to the terms and conditions in that Order.

I agree to be bound by the Court's Protective Order. I agree to use the Protected Information solely for purposes of these cases and not for any other purpose. I understand that neither the Protected Information nor any notes, communications, documents, or other materials reflecting that information may be disclosed to anyone that is not bound by the Court's protective order. I agree to return the Protected Information and any notes, communications,

-2-

documents, or other materials concerning that information to the attorney for [insert name of retaining party] or to destroy the information and any notes at that attorney's request.

     I submit to the jurisdiction of the Court that issued the Protective Order for purposes of enforcing that Order. I give up any objections I might have to that Court's jurisdiction over me or to the propriety of venue in that Court.

_____
(signature)

_____
(date)